≈AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/31/14

# UNITED STATES DISTRICT COURT

SOUTHERN District of NEW YORK

UNITED STATES OF AMERICA
V.
MARIO MORAN MOSQUERA
A/K/A "LUIS FELIPE ANDUJAR-RIVERA"

JUDGMENT IN A CRIMINAL CASE

Case Number: 10 CR 892 DAB

USM Number: 63840-054

PETER BRILL
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s) ONE, TWO, AND THREE ON NOVEMBER 7, 2011

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC § 846 | NARCOTICS CONSPIRACY | AUG. 2010 | 1 |
| 18 USC § 924 | CARRYING & POSSESSING A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME | AUG. 2010 | 2 |
| 42 USC § 408 | POSSESSING & USING A SOCIAL SECURITY CARD ISSUED TO ANOTHER PERSON | AUG. 2010 | 3 |

The defendant is sentenced as provided in pages 2-6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s) UNDERLYING INDICTMENT are X dismissed.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

MARCH 25, 2014
Date of Imposition of Judgment

*Deborah A Batts*
Signature of Judge

DEBORAH A. BATTS, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

March 31, 2014
Date

DEFENDANT: MARIO MORAN MOSQUERA A/K/A "LUIS FELIPE ANDUJAR-RIVERA"
CASE NUMBER: 10 CR 892 DAB

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**TWO YEARS ON COUNTS ONE AND THREE, TO RUN CONCURRENTLY, AND EIGHT MONTHS ON COUNT TWO, TO RUN CONSECUTIVELY TO THE TERM OF IMPRISONMENT ON COUNTS ONE AND THREE.**

**The Defendant is notified of his right to appeal.**

The court makes the following recommendations to the Bureau of Prisons:

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: MARIO MORAN MOSQUERA A/K/A "LUIS FELIPE ANDUJAR-RIVERA"
CASE NUMBER: 10 CR 892 DAB

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
**PURSUANT TO § 5D1.1 (c) OF THE SENTENCING GUIDELINES, NO TERM OF SUPERVISED RELEASE IS IMPOSED.**

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MARIO MORAN MOSQUERA A/K/A "LUIS FELIPE ANDUJAR-RIVERA"
CASE NUMBER: 10 CR 892 DAB

## SPECIAL CONDITIONS OF SUPERVISION

The Defendant shall cooperate fully with Immigration and Customs Enforcement in any proceedings against him that they initiate, and he shall obey fully all rules and regulations of ICE.

The Defendant shall forthwith forfeit all monies, land, and personal property or substitutes therefor as set forth in the Order of Forfeiture signed by the Court today.

**FORFEITURE ORDER ATTACHED.**

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __6__

DEFENDANT: MARIO MORAN MOSQUERA A/K/A "LUIS FELIPE ANDUJAR-RIVERA"
CASE NUMBER: 10 CR 892 DAB

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 300.00 | $ NO FINE | $ NO RESTITUTION |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

  ☐ the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __6__ of __6__

DEFENDANT: MARIO MORAN MOSQUERA A/K/A "LUIS FELIPE ANDUJAR-RIVERA"
CASE NUMBER: 10 CR 892 DAB

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F X Special instructions regarding the payment of criminal monetary penalties:

**The Defendant shall pay a special assessment of $300 within 60 days of release from imprisonment.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court

X The defendant shall forfeit the defendant's interest in the following property to the United States:
  **FORFEITURE ORDER IS ATTACHED**

**Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                               :
UNITED STATES OF AMERICA                                       :    PRELIMINARY ORDER OF
                                                               :    FORFEITURE/MONEY JUDGMENT
        -v.-                                                   :
                                                               :    S2 10 Cr. 892 (DAB)
MARIO MORAN,                                                   :
        a/k/a "Luis Felipe Andujar-Rivera,"                    :
                                                               :
                        Defendant.                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       WHEREAS, on or about November 7, 2011, MARIO MORAN, a/k/a Luis Felipe Andjuar-Rivera," (the "defendant"), was charged in a three-count Information, S2 10 Cr. 892 (DAB) (the "Indictment"), with: (1) conspiring to distribute and possess with intent to distribute 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846, 812, 841(a)(1), and 841(b)(1)(A) (Count One); (2) using, carrying, and/or possessing a firearm in relation to the drug trafficking crime charged in Count One, in violation of Title 18, United States Code, Section 924(c)(1)(A)(I) (Count Two); and (3) and with using the social security number of another person in order to secure employment and other benefits, in violation of Title 42, United States Code, Section 408(a)(7)(B) (Count Three);

       WHEREAS, the Information included forfeiture allegations as to Counts One, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting or derived from any proceeds obtained directly or indirectly as a

1

result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One;

WHEREAS, on or about November 7, 2011, the defendant pled guilty, before this Court, to Counts One through Three of the Information pursuant to a plea agreement with the Government, wherein the defendant agreed to forfeit (a) all his right, title, and interest in any and all property constituting or derived from any proceeds the defendant obtained directly and indirectly as a result of the controlled substance offense charged in Count One of the Information, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offense (the "Money Judgment") and (b) any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the controlled substance offense charged in Count One of the Information;

WHEREAS, the defendant consents to a forfeiture Money Judgment in the amount of $13,800,000;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorney Paul Krieger, of counsel, and the defendant, and his counsel, Peter E. Brill, Esq. that:

1. As a result of the offense charged in Count One of the Information, a Money Judgment in the amount of $13,800,000 in United States currency shall be entered against the defendant, MARIO MORAN, a/k/a "Luis Felipe Andujar-Rivera."

2. Pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the defendant

upon entry of this order, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853 the Department of Homeland Security, Homeland Security Investigations ("HSI") (or its designee) is authorized to deposit any and all payments on the Money Judgment in the Treasury Assets Forfeiture Fund ("TAFF").

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number

5. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

[THIS SPACE INTENTIONALLY LEFT BLANK]

7. The signature page of this Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. A facsimile or electronic image of the original signature of any party executing this Preliminary Order of Forfeiture/Money Judgment shall be deemed an original signature and shall constitute an original as against the party whose signature appears in the facsimile or electronic image.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____       3/14/14
    PAUL KRIEGER                            DATE
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-1035

MARIO MORAN, a/k/a "Luis Felipe Andujar-Rivera."

By: _____       3/25/14
    MARIO MORAN                            DATE

By: _____       3/25/14
    PETER E. BRILL, ESQ.                   DATE
    (888) 315-9841
    www.brill-legal.com

SO ORDERED

_____           3/25/14
HONORABLE DEOBORAH A. BATTS               DATE
UNITED STATES DISTRICT JUDGE